UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00052-GNS-HBB

MERCEDES GONZALEZ                                                          PLAINTIFF

v.

NATIONAL SPECIALTY INSURANCE COMPANY et al.                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions for Summary Judgment (DN 91, 108), Plaintiff's Motion for Leave to File Excess Pages (DN 106), and Plaintiff's Motion for Summary Judgment (DN 107). The motions are ripe for adjudication.

## I.      STATEMENT OF FACTS AND CLAIMS

In 2018, the husband of Plaintiff Mercedes Gonzalez ("Gonzalez") was involved in a multi-vehicle collision with a commercial vehicle driven by Patrick Jean-Louis ("Jean-Louis") on behalf of Point Logistics, Inc. ("PLI"), resulting in the death of Gonzalez's husband. (Def.'s Mot. Summ. J. Ex. 3, at 3-4, DN 108-4; Am. Compl. ¶ 7, DN 23; Answer ¶ 7, DN 27 [hereinafter NSIC Answer]). At the time of the accident, PLI and Jean-Louis were covered by a liability insurance policy issued by Defendant National Specialty Insurance Company ("NSIC"). (Def.'s Resp. Pl.'s Req. Admis. 2, DN 107-3). Gonzalez filed suit against PLI and Jean-Louis in Hart Circuit Court (Kentucky), which was then removed to this Court. *See Gonzalez v. Point Logistics, Inc.*, No. 1:22-CV-00052-GNS-HBB. NSIC on behalf of PLI and Jean-Louis settled with Gonzalez in the underlying action in Hart Circuit Court by paying the policy limits of $1 million. (Am. Compl. ¶¶ 1, 52-56; NSIC Answer ¶ 1).

In 2022, Gonzalez filed this bad-faith action in Hart Circuit Court (Kentucky) against NSIC. After NSIC removed the bad-faith case to this Court, Gonzalez filed the Amended Complaint to add Defendant North American Risk Services, Inc. ("NARS") as a party. (Notice Removal, DN 1; Am. Compl. ¶¶ 4-5, 60-167, DN 23). NARS, a third-party administrator, was retained by NCIS to adjust

1

the underlying claim.  (Roff Dep. 30:25-31:15, 39:3-9, Nov. 13, 2024, DN 108-2).  Gonzalez asserted claims against NSIC and NARS for violations of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") and common law bad faith.  (Am. Compl. ¶¶ 60-167).

Following discovery, all parties have moved for summary judgment.  (Def.'s Mot. Summ. J., DN 91; Pl.'s Mot. Summ. J., DN 107; Def.'s Mot. Summ. J., DN 108).  Gonzalez has also moved for leave to file excess pages.  (Pl.'s Mot. Leave File Excess Pages, DN 106).

## II.      JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

## III.     STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of showing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows an absence of evidence to support the nonmoving party's case or affirmatively negates an essential element of the non-moving party's claims, the non-moving party

2

must identify admissible evidence that creates a dispute of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

### A.    NARS

Gonzalez and NARS have filed dueling summary judgment motions. While NARS contends that it cannot be liable under the KUCSPA or common law, Gonzalez asserts that the evidence shows that NARS committed bad faith and is indeed liable. (Def.'s Mem. Supp. Mot. Summ. J. 3-6, DN 91-1; Pl.'s Mem. Supp. Mot. Summ. J. 21-34, DN 107-1).

The KUCSPA prohibits "any person" from engaging in an "unfair claims settlement practice." KRS 304.12-230. In relevant part, Kentucky law defines a "person" as "an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." KRS 304.1-020. In *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), the Kentucky Supreme Court held that the KUCSPA and the common law tort of bad faith "apply only to persons or entities engaged in the business of insurance . . . ." *Id.* at 95.

"[T]his Court and others have found that *Davidson* forecloses any bad faith actions against adjusters, absent privity." *Cordes v. United Specialty Ins. Co.*, No. 5:21-CV-00024-BJB, 2022 WL 949935, at *6 (W.D. Ky. Mar. 29, 2022) (alteration in original) (quoting *Ring's Crossroads Mkt. Inc. v. Cincinnati Indem. Co.*, No. 1:14-CV-105, 2015 WL 4624252, at *3 (W.D. Ky. Aug. 3, 2015)); *see also Wright v. State Farm Mut. Auto. Ins. Co.*, No. 3:18-CV-777, 2019 WL 6094840, at *3 (W.D. Ky.

3

Nov. 15, 2019) ("Other courts in the Western District of Kentucky have considered this issue and, relying on *Davidson*, have uniformly held that a plaintiff may not sue an insurance adjuster absent a contractual obligation." (citing *Wolfe v. State Farm Fire & Cas. Co.*, No. 3:10-CV-545-H, 2010 WL 4930680, at *2 (W.D. Ky. Nov. 30, 2010); *Fulkerson v. State Farm Mut. Auto. Ins. Co.*, No. 3:09-CV-392-S, 2010 WL 2011566, at *1 (W.D. Ky. May 20, 2010); *Lisk v. Larocque*, No. 3:07-CV-718-S, 2008 WL 2116466, at *2 (W.D. Ky. May 19, 2008); *Brown v. A.I.N., Inc.*, No. 3:08-CV-30-H, 2008 WL 819072, at *2 (W.D. Ky. Mar. 25, 2008); *Malone v. Cook*, No. 05-551-C, 2005 WL 2758091, at *1 (W.D. Ky. Oct. 25, 2005))). Thus, it is well-settled under Kentucky law that third-party adjusters like NARS are not subject to the KUCSPA and cannot be liable for a common law bad faith claim. *See Breedlove v. State Farm Fire & Cas. Co.*, 690 S.W.3d 904, 915 (Ky. App. 2024) ("[A]djusters employed by the insurer are not liable for UCSPA or common law bad faith claims."). NARS's motion is granted, and Gonzalez's motion is denied as to NARS.

B. **NSIC**

Gonzalez and NSIC also both seek summary judgment as to NSIC's liability for bad faith under the KUCSPA and common law. (Pl.'s Mem. Supp. Mot. Summ. J. 21-34; Def.'s Mot. Summ. J. 13-25, DN 108). Kentucky law recognizes third-party bad faith claims under the KUCSPA and common law. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526-27 (6th Cir. 2006) (citing *Guar. Nat'l Ins. Co. v. George*, 953 S.W.2d 946, 950 (Ky. 1997) (Cooper, J., concurring)).

In general, the KUCSPA "is intended to protect the public from unfair trade practices and fraud" of insurance companies. *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988). Under this law, third-party claimants may sue insurance companies for various wrongs, including bad faith negotiations when denying a claim. *See id.*; *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997). In *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court outlined the requirements to prove a bad faith claim:

4

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.* at 890 (internal quotation marks omitted) (citation omitted). These elements apply to both common law and statutory bad faith claims. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (citing *Wittmer*, 864 S.W.2d at 890) (noting that the *Wittmer* test applies to bad faith claims "whether premised upon common law theory or a statutory violation"). As the Kentucky Supreme Court has noted, "a plaintiff has a 'steep burden' of satisfying [the *Wittmer* test] . . . ." *Mosley v. Arch Specialty Ins. Co.*, 626 S.W.3d 579, 584 (Ky. 2021). "[A]n insurer is . . . entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." *Wittmer*, 864 S.W.2d at 890 (alterations in original) (citation omitted).

### 1.    *Obligation to Pay*

To satisfy the first prong, Gonzalez must prove that NSIC was "obligated to pay the claim under the terms of the policy . . . ." *Wittmer*, 864 S.W.2d at 890 (internal quotation marks omitted) (citation omitted). "Kentucky jurisprudence has defined this element as arising from a judgment against the insured, or an express contractual relationship." *Kim v. Ampler Burgers Ohio, LLC*, No. 5:23-CV-48-CHB-MAS, 2023 WL 4569577, at *2 (E.D. Ky. June 30, 2023) (citing *U.S. Liab. Ins. Co. v. Watson*, 626 S.W.3d 569, 575 (Ky. 2021)); *Davidson*, 25 S.W.3d at 100), *report and recommendation adopted*, No. 5:23-CV-48-CHB-MAS, 2023 WL 4565962 (E.D. Ky. July 17, 2023). "To be clear, an obligation to pay requires proof that the insured's policy requires the insurer to pay, not that there is liability under the contract . . . ." *Mosley*, 626 S.W.3d at 585 (citation omitted).

In the underlying action, NSIC settled Gonzalez's claims against PLI and Jean-Louis. (Am. Compl. ¶ 1; NSIC Answer ¶ 1; Pl.'s Mot. Summ. J. Ex. E, at 273-75, DN 107-6 [hereinafter Claim File]). By not addressing this element in its response to Gonzalez's motion, NSIC has conceded that this element is satisfied. *See Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759 (E.D. Ky. 2019).

5

### 2.    *Reasonable Basis in Law or Fact*

For the second prong, Gonzalez must show that NSIC "lack[ed] a reasonable basis in law or fact for denying the claim . . . ." *Wittmer*, 864 S.W.2d at 890 (internal quotation marks omitted) (citation omitted). "To satisfy this element, a plaintiff must show that the insured's liability is beyond dispute. If liability is not beyond dispute, then a bad faith claim will fail as a matter of law." *Austin v. Standard Fire Ins. Co.*, No. 2:21-00129 (WOB-CJS), 2023 WL 5253000, at *7 (E.D. Ky. Aug. 15, 2023) (internal citation omitted) (citing *Mosley*, 626 S.W.3d at 586). While Gonzalez asserts that this prong is satisfied, NSIC responds that both liability and the amount of damages were disputed in the underlying litigation. (Pl.'s Mem. Supp. Mot. Summ. J. 28-29; Def.'s Mot. Summ. J. 3-12, 18-20).

In this instance, the portions of the record cited *by Gonzalez* support a finding for NSIC on this element of the *Wittmer* test. While it is true that NSIC had notice that Jean-Louis's statement about the positioning of his vehicle at the time of the crash was questionable, NSIC still had multiple reasonable bases for denial of Gonzalez's claim. For instance, in the same email in which defense counsel acknowledged that Gonzalez's accident reconstruction expert opined that Jean-Louis had lied, defense counsel also pointed out numerous issues with the expert's testimony and proposed filing a motion to exclude his opinions at trial. (Claim File 126). Similarly, even when NARS requested additional settlement authority due to "damaging" information—evidence that Jean-Louis had lied—it acknowledged that NARS and NSIC "still [had] liability arguments[,]" including that Gonzalez's husband had time to avoid the accident and that the resulting fire, not the collision itself, was the cause of death. (Claim File 182). Thus, Gonzalez has not established that liability was beyond dispute.

### 3.    *No Reasonable Basis or Acted with Reckless Disregard*

Finally, Gonzalez must prove "that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer*, 864 S.W.2d at 890 (internal quotation marks omitted) (citation omitted). She must show that NSIC's

"conduct was outrageous and caused [her] [] actual damage[s]." *Mosley*, 626 S.W.3d at 588 (citations omitted). Gonzalez contends that this prong also supports her claims, while NSIC insists that it had a reasonable basis for its actions in evaluating its insureds' liability and defending the underlying case. (Pl.'s Mem. Supp. Mot. Summ. J. 29-31; Def.'s Mot. Summ. J. 17-20).

Again, even Gonzalez's own citations support the conclusion that there were significant issues surrounding liability and apportionment of fault in this instance. (*See* Claim File 126, 182). Further, NSIC prevailed on several important pretrial motions and NARS therefore recognized that the case could result in either a defense verdict or a large plaintiff's verdict. (Claim File 201, 236, 244, 249-50). The police report and subsequent death investigation report indicated that the decedent, and not Jean-Louis or PLI, was at fault. (*See* Def.'s Mot. Summ. J. Ex. 3, at 4-5, DN 108-4; Def.'s Mot. Summ. J. Ex. 5, at 4, 12-14, 17, DN 108-6; Priddy Dep. 42:1-5, Feb. 3, 2021, DN 108-13). Phone records and other evidence indicate that the decedent had been on the phone with Gonzalez at the time of the crash and may have been distracted as a result. (Claims File 129, Priddy Dep. 38:17-39:14). Accordingly, NSIC had multiple bases to contest the claim not only as to the amount of damages but also to apportionment of fault.

Gonzalez also argues that NSIC improperly delayed settlement of the underlying case. (Pl.'s Mem. Supp. Mot. Summ. J. 23-24, 31). "[D]elay in settlement alone does not constitute bad faith conduct." *Austin*, 2023 WL 5253000, at *10 (citing *Belt v. Cincinnati Ins. Co.*, 664 S.W.3d 524, 536 (Ky. 2022)). Rather, she must show "proof or evidence supporting a reasonable inference that the purpose of the delay was to extort a more favorable settlement or to deceive the insured [or claimant] with respect to the applicable coverage." *Id.* (alteration in original) (quoting *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452-53 (Ky. 1997)).

There is no substantial proof indicating that there was any improper delay in this instance. While the case evolved to become less favorable to Defendants, even Gonzalez's version of events reflects that this happened over time. Gonzalez has not pointed to any evidence by which a jury

could conclude that NSIC knew that there was no reasonable basis to deny her claim or acted with reckless disregard.  Instead, the record reflects that NSIC, through NARS and with the advice of counsel, was constantly evaluating the merits of the claim as new information came to light. Gonzalez—due to her unwillingness to reduce her settlement demand of $5,000,000—likely bore some responsibility for the delay in settlement.  (Claims File 218).  Accordingly, Gonzalez's motion is denied and NSIC's motion is granted.

### C.      **Plaintiff's Motion for Leave to File Excess Pages**

Gonzalez has also filed motion for leave to for leave to file excess pages with her motion for summary judgment.  (Pl.'s Mot. Leave 1, DN 106).  This motion is well-taken and is granted.

### V.      **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion for Summary Judgment (DN 91) is **GRANTED**, and Plaintiff's claims against North American Risk Services, Inc. are **DISMISSED WITH PREJUDICE**.

2.      Defendant's Motion for Summary Judgment (DN 108) is **GRANTED**, and Plaintiff's claims against National Specialty Insurance Company are **DISMISSED WITH PREJUDICE**.

3.      Plaintiff's Motion for Summary Judgment (DN 107) is **DENIED**.

4.      Plaintiff's Motion for Leave to File Excess Pages (DN 106) is **GRANTED**.

5.      The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 29, 2026

cc:      counsel of record