UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00052-GNS-HBB

MERCEDES GONZALEZ PLAINTIFF

v.

NATIONAL SPECIALTY INSURANCE COMPANY et al. DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Bills of Costs (DN 124, 125) and Plaintiff's Motion to Hold Defendants' Bills of Costs in Abeyance Pending Appeal (DN 127). The motions are ripe for adjudication.

## I. BACKGROUND

On July 29, 2026, this Court issued a Memorandum Opinion & Order denying Plaintiff Mercedes Gonzalez's ("Gonzalez") motion for summary judgment and granting Defendants North American Risk Services, Inc. ("NARS") and National Specialty Insurance Company ("NSIC") summary judgment on all claims asserted against them. (Mem. Op. & Order 8, DN 122).

NSIC and NARS each filed a bill of costs. (Def.'s Bill Costs, DN 124 [hereinafter NSIC Bill Costs]; Def.'s Bill Costs, DN 125 [hereinafter NARS Bill Costs]). Gonzalez then filed a notice of appeal, moved to hold the bills of costs in abeyance pending appeal, and objected to the bills of costs. (Notice Appeal, DN 126; Pl.'s Mot. Hold Abeyance, DN 127; Pl.'s Obj. Defs.' Bills Costs, DN 128 [hereinafter Pl.'s Obj.]). NSIC and NARS subsequently responded to Gonzalez's objection and NSIC filed a separate response opposing the motion to hold the bills of costs in abeyance. (Def.'s Resp. Pl.'s Obj. Defs.' Bills Costs, DN 130 [hereinafter NSIC Resp.];

Def.'s Resp. Pl.'s Obj. Defs.' Bills Costs, DN 131 [hereinafter NARS Resp.]; Def.'s Resp. Pl.'s Mot. Hold Abeyance, DN 132).

## II. DISCUSSION

### A. Bills of Costs (DN 124, 125)

Bills of costs are governed by 28 U.S.C. § 1920, which provides that recoverable costs are as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under Fed. R. Civ. P. 54(d)(1), these costs are presumptively awarded to the prevailing party. *See, e.g.*, *Joseph v. Joseph*, No. 23-3602, 2024 WL 3493323, at *2 (6th Cir. May 10, 2024); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). The Sixth Circuit has identified several factors that may overcome this presumption, "including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton*, 241 F.3d at 539 (citation omitted). "When considering a bill of costs, the district court must determine that the requested expenses are for amounts that are reasonable and necessary." *Joseph*, 2024 WL 3493323, at *1 (citing *Freeman v. Blue Ridge Paper Prods., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015)).

Gonzalez primarily relies on two factors to overcome this presumption: the difficulty of the case and the necessity of the costs.[1] (Pl.'s Obj. 2, 4). Gonzalez first asserts that, like *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728 (6th Cir. 1986), costs should be denied because this case was also "close and difficult." (Pl.'s Obj. 2-3); *White & White, Inc.*, 786 F.2d at 730. To the contrary, unlike *White & White*, which "consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion[,]" this case involved a straightforward bad-faith insurance dispute which was resolved upon summary judgment in an eight-page opinion. (Mem. Op. & Order 8); *White & White, Inc.*, 786 F.2d at 732 (citation omitted).

Gonzalez next asserts that NSIC and NARS should not receive costs related to four "unnecessary" depositions that were not referenced in either motion for summary judgment. (Pl.'s Obj. 4). The Sixth Circuit has found, however, that whether or not a party used a deposition later in the proceedings is not controlling, and instead, "[n]ecessity is determined as of the time of taking . . . ." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). NSIC and NARS assert that all four depositions in dispute were necessary to the case at the time they were taken: three involved expert witnesses deposed in preparation for trial, while the fourth deposed Gonzalez's treating therapist, who "purportedly had knowledge concerning Plaintiff's alleged emotional distress damages." (NARS Resp. 4; NSIC Resp. 3-4). Accordingly, neither of these factors overcome the presumption to award costs.

In the alternative, Gonzalez contends that even if NSIC and NARS are awarded costs, specific line items included in the submitted bills of costs are not compensable, including:

[1] Gonzalez also objected to the bills of costs on the grounds that neither NSIC nor NARS verified costs by attaching the affidavit that 28 U.S.C. § 1924 requires. (Pl.'s Obj. 3-4). NSIC and NARS then cured the omission of a sworn statement under Section 1924 and filed the required affidavits. (Def.'s Aff., Aug. 31, 2026, DN 130-1; Def.'s Aff., Sep. 8, 2026, DN 131-1).

(1) $360.00 for the "GoGreenScripts litigation package"; (2) $927.00 related to the "Video Pages" per-page surcharges; (3) $797.50 for the "MLV Connect" remote platform access fees; (4) $1,712.50 requested only by NSIC for videography and "Video on Demand"; and (5) $14.75 from NSIC's late payment to the vendor Magna. (Pl.'s Obj. 4-7; NARS Bill Costs; NSIC Bill Costs). To assert that the litigation package was neither reasonable nor necessary, Gonzalez relies on *Pogue v. Northwestern Mutual Life Insurance Co*., No. 3:14-CV-598-CRS, 2019 WL 2814643 (W.D. Ky. July 2, 2019). (Pl.'s Obj. 4-5). In contrast to *Pogue*—where this Court declined to grant costs for a litigation package due to the requesting party's failure to "fil[e] a response explaining its expenses" and itemize the deposition costs in "sufficient detail"—in this case, the $360 charge for the litigation package is reasonable because NSIC responded by detailing how the package "included the electronic transcript products actually utilized by counsel during expert discovery, dispositive-motion practice, witness preparation, and trial preparation." (NSIC Resp. 8); *Pogue*, 2019 WL 2814643, at *3)

Further, this Court has held that "both stenographic and videotaped depositions are taxable as costs[,]" along with "[e]xpenses ancillary to the taking of a video deposition, such as video-text synchronization . . . ." *See Cervetto v. Powell*, No. 1:14CV-75-HBB, 2016 WL 9460449, at *3 (W.D. Ky. Dec. 7, 2016) (citations omitted). Therefore, the $927.00 related to the "Video Pages" per-page surcharges, $797.50 for remote platform access fees; and $1,712.50 request by NSIC for videography are all valid, taxable costs ancillary to the taking of the video depositions.

Finally, the remaining charge—$14.75 derived from NSIC's late payment to the vendor Magna—is not compensable. (Pl.'s Obj. 6; NSIC Bill Costs Ex. A, at 5, DN 124-1). NSIC cannot recover from Gonzalez for its own delay. *See Middleton v. SelecTrucks of Am., LLC*, No.

3:17-CV-602-RGJ, 2023 WL 4629551, at *6 (W.D. Ky. July 19, 2023); *see also Nash v. City of Milwaukee*, No. 24-CV-434, 2026 WL 2254653, at *2 (E.D. Wis. Aug. 5, 2026) ("[T]he court agrees that interest resulting from the City's late payment to its vendor is not an appropriate cost to be taxed in litigation." (citation omitted)). The charge of $14.75 will thus be deducted from NSIC's bill of costs.

**B. <u>Motion to Hold Bills of Costs in Abeyance Pending Appeal (DN 127)</u>**

Gonzalez also asks the Court to hold the bills of costs in abeyance until the Sixth Circuit resolves her appeal, or in the alternative, "stay any enforcement of the taxation of costs." (Pl.'s Mot. Hold Abeyance 1). She primarily asserts that deferring costs in this case is warranted "[a]s a matter of judicial economy . . . ." (Pl.'s Mot. Hold Abeyance 1). To the contrary, this Court has held that judicial economy favors denying such a request:

> Because a losing party can appeal an imposition of costs, ordering costs without delay minimizes the chance of piecemeal litigation . . . and preserves judicial resources . . . . And as the Court finds that it is more efficient to rule on costs now rather than delay the decision until the appeal is resolved, the Court denies [this] request to deny or stay consideration of costs pending appeal for this reason.

*Buckner v. Hilton Worldwide Holdings, Inc.*, No. 3:24-CV-375-RGJ, 2025 WL 1928591, at *3 (W.D. Ky. July 14, 2025) (citation omitted); *see also Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-CV-405-GFVT, 2023 WL 5058828, at *1 (E.D. Ky. Aug. 8, 2023) ("Indeed, it is more efficient to rule on costs now rather than delay the decision until the appeal is resolved." (internal quotation marks omitted) (citation omitted)). Given that Gonzalez fails to provide any other basis or special circumstance that would justify a departure from the practice of imposing costs or enforcing the taxation of such costs before an appeal is resolved, her motion is denied. *See Buckner*, 2025 WL 192859, at *3 ("Case law in the Sixth Circuit is well established that district courts do not generally stay or deny the taxation of costs merely because an appeal is

pending." (citing *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd*, 582 F. App'x 657 (6th Cir. 2014))).

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Bill of Costs (DN 125) is **GRANTED**.

2. Defendant's Bill of Costs (DN 124) is **GRANTED IN PART**, with the total amount reduced from $6,176.95 to **$6,162.20**.

3. Plaintiff's Motion to Hold Defendants' Bills of Costs in Abeyance Pending Appeal (DN 127) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 18, 2026

cc: counsel of record